## The State v. A. A. Johnston.

Where an indictment charged that the defendant did make an assault upon the body of one Nathan Thomas, and with a loaded pistol, held in his hand, the said Thomas attempted, feloniously, wilfully and maliciously, to kill and murder; *Held*, That the indictment was properly quashed, on motion.

Appeal from Fayette. The indictment charged that the defendant did make an assault upon the body of one Nathan Thomas, and with a loaded pistol held in his hand, the said Thomas, attempted, feloniously, willfully and maliciously, to kill and murder.

A motion was made to quash, on the ground that the indictment was vague, uncertain, informal, and, in fact, charged no specific crime. And the motion being sustained, notice of appeal was given.

The State v. Johnston.

*Attorney General*, for appellant. The indictment, although it does not allege the intent, &c., is good for a common assault. (Arch. Cr. Pl. 417; Givens v. The State, 7 Tex. R. 344; Gardenhier v. The State, Id. 348; Saddler v. The Republic, Dall. 610.)

HEMPHILL, Ch. J. The appellee has not appeared; and we have not the benefit of an argument, in support of the judgment.

The special ground of uncertainty is not stated; and the reasons, on which the court gave judgment, are left to conjecture. The offence, as charged, is of a grave character; the penalty denounced is severe—and assuredly the circumstances and ingredients of the offence should be stated with such distinctness and precision, as leave no room for doubt, on either the mind of the defendant or the Court.

The indictment charges an assault, but without the usual words of battery. This, however, would not be a defect, if the assault was merely simple and without battery.

But the objection to the indictment, and on which it was probably quashed, is, that no intent to commit the felony is laid. This is an essential ingredient of the offence, and should have been distinctly averred.

The defendant is charged with holding in his hand a pistol loaded with gun-powder and leaden bullets, attempting to kill or murder Thomas. The manner, in which he attempted to use the pistol, should have been stated: that is, if there was an attempt to shoot, it should have been so averred—following then with an allegation of the intent, as is to be found in all the precedents.

A departure from precedents is not advisable. These have been framed and settled, on the most mature consideration; and a variance from them will be fatal, unless indeed the requisite certainty of pleading has, in the form assumed, been attained.

We are of opinion that there is no error in the judgment, and that the same be affirmed.

Judgment affirmed.